902 F.2d 44
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Isabel DEL ROSARIO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3091.
 United States Court of Appeals, Federal Circuit.
 April 6, 1990.
 
 Before NIES, Circuit Judge, COWEN, Senior Circuit Judge, and ADRIAN G. DUPLANTIER,* District Judge.
 PER CURIAM.
 
 DECISION
 
 1
 On reconsideration, the Office of Personnel Management (OPM) denied petitioner's application for a deferred civil service retirement annuity, on a finding by OPM that she did not have five years of creditable civilian service. Petitioner appealed to the Merit Systems Protection Board (MSPB or Board), which upheld the determination of OPM (MSPB Docket No. SE08318810569). We affirm the decision of the MSPB.
 
 OPINION
 
 2
 * We reject respondent's contention that petitioner failed to file a petition for review of the final decision of the Board, within 30 days after petitioner received notice of the Board's final decision, as required by 5 U.S.C. Sec. 7703(b)(1), and therefore, that the court has no jurisdiction of the claim. Petitioner received a copy of the Board's decision on August 3, 1989, and the records in the clerk's office show that on August 28, 1989, her request for an extension of time to file the petition for review was filed. In accordance with the practice followed in the case of petitioners appearing pro se, the court treated her request for an extension of time as a petition for review, which meets the requirements of the statute.
 
 II
 
 3
 Under the applicable statute, 5 U.S.C. Sec. 8333(a), a government employee must establish that he or she has completed five years of creditable civilian service in order to be entitled to a civil service retirement annuity. The burden of proof is on the petitioner to establish her entitlement to retirement under the Civil Service Retirement Act. Lindahl v. OPM, 776 F.2d 276 (Fed.Cir.1985); 5 C.F.R. Sec. 1201.56(a)(2). After a careful review of the record, we find that the Board correctly determined that petitioner failed to discharge that burden.
 
 
 4
 The first contention made in petitioner's brief is that she served five years, from 1941 to 1945, as a nurse in the Philippine General Hospital, an agency of the Insular Government of the Philippines, and that the MSPB erred as a matter of law in failing to credit this service toward her application for a deferred annuity.
 
 
 5
 However, Federal Personnel Manual (FPM), Supplement 831-1, Appendix C, page C-5 (May 15, 1978), provides that the only service with the Insular Government of the Philippine Islands creditable toward civil service retirement, is service between December 10, 1898, and November 15, 1935, when the Commonwealth of the Philippine Islands was established. In accordance with the FPM, the MSPB has held in several decisions that service in a position in the Insular Government of the Philippines after 1935, is not service in a position which is covered by the Civil Service Retirement Act. These decisions have been affirmed by this court. See Libarios v. OPM, MSPB Seattle Regional Office Decision (Sept. 19, 1986), pet. denied, 32 M.S.P.R. 322 (1987), aff'd, 826 F.2d 1072 (Fed.Cir.1987) (Table), cert. denied, 109 S.Ct. 117 (1988); Accibal v. OPM, San Francisco Regional Office Decision (1983), pet. denied, 19 M.S.P.R. 630 (1984) (Table), aff'd, 758 F.2d 664 (Fed.Cir.1984) (Table), cert. denied, 471 U.S. 1127 (1985). Therefore, the MSPB correctly held that petitioner had failed to show that her service with the hospital was covered by the Civil Service Retirement Act.
 
 
 6
 The MSPB further found that in petitioner's application for a deferred annuity, she admitted that her period of service from 1945 to 1950 was not subject to the Civil Service Retirement System. In any event, petitioner has not established that employment during this period was creditable. Also, the documentary evidence submitted to the MSPB, showed that the remainder of her intermittent employment was under temporary or excepted indefinite appointments. It is clear, that under the provisions of the statutes, 5 U.S.C. Secs. 8331(1)(iii), 8333, 8347(g) and the regulations, 5 C.F.R. Sec. 831.201, each of these appointments was of a type that is excluded from civil service retirement coverage. See Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988). Since petitioner failed to establish her eligibility for the claimed annuity under the applicable statutes and regulations, the MSPB correctly upheld the decision of the OPM.
 
 
 
 *
 The Honorable Adrian G. Duplantier, United States District Court for the Eastern District of Louisiana, sitting by designation pursuant to 28 U.S.C. Sec. 293(a)