956 F.2d 1171
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Julia D. SUAREZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3443.
 United States Court of Appeals, Federal Circuit.
 Feb. 4, 1992.
 
 Before MICHEL, CLEVENGER and RADER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Julia D. Suarez petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming the denial of her application to the Office of Personnel Management ("OPM") for civil service annuity benefits. The Board held that Suarez had failed to meet her burden of proving that she had five years of creditable Federal service and, therefore, that the Board need not reach other factual and legal issues presented by her appeal. deSuarez v. OPM, No. SE08319110018, Initial Decision (MSPB Jan. 10, 1991) (hereinafter, "Initial Decision"), aff'd, DeSuarez v. OPM (May 3, 1991).* We affirm.
 
 
 2
 To support her claim of the requisite length of creditable federal service, Suarez submitted to OPM a certified service record which documented over five years of service before November 15, 1935 as a school teacher in the Philippines. Such service would be creditable for purposes of the Civil Service Retirement Act if it was provided as an employee of the Insular Government of the Philippines before November 15, 1935, the date upon which the Commonwealth of the Philippines was established. Federal Personnel Manual Supplement 831-1, Appendix C-4 (Rev. September 21, 1981).
 
 
 3
 Other than her service record, which makes no reference to the Insular Government as her school employer, Suarez submitted no evidence to support her claim that her teaching services were provided as an employee of the Insular Government.
 
 
 4
 The burden to prove pre-November 15, 1935 employment by an entity of the Insular Government, as opposed to by a local, municipal or other entity, rests with Suarez. See Lindahl v. Office of Personnel Management, 776 F.2d 276, 278-80 (Fed.Cir.1985); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). See also 5 C.F.R. § 1201.56(a).
 
 
 5
 In the absence of any evidence that her teaching positions involved employment by the Insular Government, Suarez failed to meet the burden of proof that she had accumulated the requisite creditable federal service, and there is no basis upon which she can claim Civil Service annuity benefits.
 
 
 6
 The decision of the Board affirming the denial of Suarez's application for annuity benefits therefore is not (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). See Hayes v. Department of Navy, 727 F.2d 1535 (Fed.Cir.1984).
 
 
 
 *
 The Board's initial decision spells petitioner's name "deSuarez"; the final decision spells it "DeSuarez"; in this Court the petitioner's name is given as "Julia D. Suarez."