960 F.2d 156
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Guadalupe S. SANTOS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3382.
 United States Court of Appeals, Federal Circuit.
 March 13, 1992.
 
 Before ARCHER, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and RADER, Circuit Judge.
 ARCHER, Circuit Judge.
 
 
 1
 Guadalupe S. Santos petitions for judicial review of the decision of the Merit Systems Protection Board (board) affirming the denial of her application to the Office of Personnel Management (OPM) for a civil service retirement annuity. The board held that Ms. Santos failed to meet her burden of proving that she had five years of creditable federal service. We affirm.
 
 
 2
 In support of her application, Ms. Santos submitted a document from the Superintendent of City (Manila) Schools, which indicates that she was an elementary school teacher from November 10, 1924 until July 2, 1967. If Ms. Santos was an employee of the Insular Government of the Philippines, her employment before November 15, 1935, the date the Commonwealth of the Philippines was established, would be considered creditable federal service. Federal Personnel Manual Supplement 831-1, Appendix C-4 (Rev. September 21, 1981).
 
 
 3
 The burden of proving that her pre-November 15, 1935 employment was with the Insular Government rested with Ms. Santos. See Lindahl v. Office of Personnel Management, 776 F.2d 276, 278-80 (Fed.Cir.1985). The board found that the above document and the other evidence submitted by Ms. Santos makes "no reference to the Insular Philippine government" and that she had presented no evidence "that supports a finding that she was employed by the Insular Government." Thus, Ms. Santos failed to establish that she had accumulated the requisite five years of creditable federal service required for annuity eligibility.[1]
 
 
 4
 The decision of the board affirming the denial of Ms. Santos' application for annuity benefits therefore is not (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). See Hayes v. Department of the Navy, 727 F.2d 1535 (Fed.Cir.1984).
 
 
 
 [1]
 The board also found that Ms. Santos had failed to prove that she had any covered federal service, but in the absence of creditable service we need not consider this question