960 F.2d 156
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Fernando M. APOSTOL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3522.
 United States Court of Appeals, Federal Circuit.
 March 13, 1992.
 
 Before ARCHER, PLAGER and LOURIE, Circuit Judges.
 ARCHER, Circuit Judge.
 
 
 1
 Fernando M. Apostol petitions for judicial review of the decision of the Merit Systems Protection Board (board) affirming the denial of his application to the Office of Personnel Management (OPM) for a civil service retirement annuity. The board held that Mr. Apostol failed to meet his burden of proving that he was employed in a position covered by the Civil Service Retirement Act (CSRA), 5 U.S.C. § 8331 et seq. (1988). We affirm.
 
 
 2
 Mr. Apostol submitted information showing that he served in the Philippine Army from August 1942 to January 1946 and then in the United States Army (Philippine Scouts) until December 1948. Approximately ten years later, Mr. Apostol was employed in two Excepted Appointment (Indefinite) positions at Anderson Air Force Base and at Clarke Air Force Base from March 1956 to May 1959 and from July 1963 to March 1968. In between, he served as a custodian for about eight months and was paid by the Officers' Billeting Fund, a non-appropriated fund activity. The support documents for these positions showed that the positions were not covered by the CSRA, because they were either excepted appointments or employment by a non-appropriated fund activity. Further, there was no evidence presented that Mr. Apostol ever had amounts deducted from his salary for the Civil Service Retirement Fund.
 
 
 3
 To be entitled to annuity benefits under the CSRA, an employee must complete at least one year of creditable civilian service in a position that is covered by the CSRA. 5 U.S.C. § 8333(b); Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988). The burden of proving that his employment was covered by the CSRA rested with Mr. Apostol. See Lindahl v. Office of Personnel Management, 776 F.2d 276, 278-80 (Fed.Cir.1985).
 
 
 4
 The board found that Mr. Apostol had not established his entitlement to an annuity, stating that "excepted (indefinite) appointments ... [are] excluded from coverage of the CSRA by 5 C.F.R. § 831.201(a)(13)" and that under 5 U.S.C. § 2105(c)(2) Mr. Apostol "was deemed not an employee for purpose of the civil service retirement laws during his period of service ... for a nonappropriated fund activity." Thus the board correctly concluded that Mr. Apostol did not have any civilian service in a position covered by the CSRA and that his military service did not entitle him to a CSRA annuity.
 
 
 5
 The decision of the board affirming the denial of Mr. Apostol's application for annuity benefits therefore is not (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). See Hayes v. Department of Navy, 727 F.2d 1535 (Fed.Cir.1984).