11 F.3d 1071
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Estanislao R. BUENO, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3058.
 United States Court of Appeals, Federal Circuit.
 Oct. 26, 1993.
 
 Before RICH, PLAGER, and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Estanislao R. Bueno (Mr. Bueno) petitions for review of the June 15, 1992 initial decision of the Merit Systems Protection Board (Board), Docket No. SE08319202L7-I-1, which became final on October 5, 1992, affirming a decision of the Office of Personnel Management (OPM) that Mr. Bueno was not entitled to a civil service retirement annuity. We affirm.
 
 DISCUSSION
 
 2
 On appeal, we must affirm the Board's decision unless it is arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulations, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 3
 The administrative judge (AJ) affirmed the OPM's decision that Mr. Bueno did not meet the requirements under the 1930 Civil Service Retirement Act (CSRA). Pub.L. No. 71-279, Ch. 349, 46 Stat. 468 (1930). Mr. Bueno claims the Board erred by not retroactively applying the January 24, 1942, amendment which changed the requirement to 5 years of service. See 5 U.S.C. Sec. 833 (1988).
 
 
 4
 The law in effect at the time of the applicant's separation from service is used to determine whether the applicant is entitled to benefits. Esteban v. Office of Personnel Management, 978 F.2d 700, 701 (Fed.Cir.1992). We therefore conclude that the Board was correct in applying the 1930 CSRA requirements. Accordingly, this Court need not address issues regarding Mr. Bueno's qualification under the 1942 amendments.
 
 
 5
 The Board was correct in concluding Mr. Bueno's service does not qualify him for retirement annuity under the 1930 CSRA requirements. Mr. Bueno's service with the Insular Government of the Philippines from June 24, 1926 to November 15, 1935, was found to be creditable but not covered by the OPM.[1] Federal Personnel Manual Supplement 831-1, Appendix C-4 (Rev. September 21, 1981). However, a search of the General Services Administration's National Personnel Records Center revealed no evidence of Mr. Bueno's claimed civilian federal service employment.[2]
 
 
 6
 The burden to prove employment by a federal entity, as opposed to a local, municipal or other entity, rests with Mr. Bueno. See Lindahl v. Office of Personnel Management, 776 F.2d 276, 278-80 (Fed.Cir.1985); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). See also 5 C.F.R. Sec. 1201.56(a). Therefore, Mr. Bueno failed to meet the burden of proof that he had accumulated the requisite 15 years of creditable federal service. There is no basis upon which he can claim Civil Service annuity benefits.
 
 
 7
 In summary, the record discloses the Board's decision was lawful, supported by substantial evidence, and not an abuse of discretion. Accordingly, we affirm.
 
 
 
 [1]
 Mr. Bueno submitted documentation listing his appointment as a teacher from June 24, 1926 to July 1, 1966, and Administrative Order No. 1738 reflecting his appointment as a temporary teacher on September 8, 1917
 
 
 [2]
 On November 15, 1935, the Commonwealth of the Philippines was established whereupon all employment with the Philippine Insular Government ended. Therefore Mr. Bueno's separation date is November 15, 1935