50 F.3d 21
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rudy C. UDANI, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3084.
 United States Court of Appeals, Federal Circuit.
 March 17, 1995.
 
 Before MAYER, Circuit Judge, BENNETT, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Rudy C. Udani applied for an annuity under the Civil Service Retirement Act, 5 U.S.C. Secs. 8331-8351 (1988 & Supp. V 1993) (amended 1994). The Office of Personnel Management (OPM) denied his application on August 16, 1993, and on motion for reconsideration affirmed that denial on October 5, 1993. Mr. Udani appealed to the Merit Systems Protection Board (Board), Docket No. SE0831940312-I-1, which affirmed OPM in an initial decision on June 16, 1994, and a final order dated December 8, 1994. Mr. Udani now petitions this court for review of the Board's decision. Because the Board correctly concluded that Mr. Udani failed to meet his burden of proof, we affirm.
 
 OPINION
 
 2
 Petitioner worked at the United States Naval Communications Station, Philippines, between 1964 and 1990, with a three-day break in service in 1975. Before 1977, petitioner worked at the Navy Exchange as a sales clerk, busboy, waiter, and bartender. From 1977 until 1990, he worked as a bartender at the Consolidated Mess. After losing his job during a 1990 reduction in force, petitioner applied for a civil service annuity.
 
 
 3
 To qualify for such an annuity, one must be an employee and meet certain minimums of service. See 5 U.S.C. Sec. 8333 (1988); Herrera v. United States, 849 F.2d 1416, 1417 (Fed.Cir.1988). The act explicitly refers to 5 U.S.C. Sec. 2105 for its definition of employee. 5 U.S.C. Sec. 8331(a) (1988 & Supp. V 1993) (amended 1994). Under Sec. 2105(c), persons compensated from nonappropriated funds are not considered "employees" for purposes of receiving this annuity. Although generally those paid from nonappropriated funds thus do not qualify for a civil service retirement annuity, a limited exception was created in the Nonappropriated Fund Instrumentalities Employees' Retirement Credit Act of 1986, Pub.L. No. 99-638, 100 Stat. 3536 (codified at 5 U.S.C. Secs. 2105, 8331, 8332). To qualify under that exception an applicant must meet the requirements of Sec. 8332(b)(16). Moreover, to receive an annuity an employee must contribute to the Civil Service Retirement and Disability Fund. 5 U.S.C. Sec. 8333(c) (1988).
 
 
 4
 Petitioner bears the burden of proving entitlement to an annuity. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987); Lindahl v. Office of Personnel Management, 776 F.2d 276, 278-80 (Fed.Cir.1985). The administrative judge found that petitioner was paid from nonappropriated funds. That finding is entitled to great deference on appeal. We may overturn the decision below only if it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without following procedures required by law, rule, or regulation, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 5
 Substantial evidence supports the administrative judge's finding. Specifically, petitioner's personnel records show that he was paid from nonappropriated funds. Although petitioner contends that between 1977 and 1990 he was not compensated from nonappropriated funds, he directs us to no evidence that would support his contention. The administrative judge also found that Mr. Udani does not meet the requirements of Sec. 8332(b)(16), a decision petitioner has not contested. Also, there is no evidence that Mr. Udani contributed to the Civil Service Retirement and Disability Fund, as required by Sec. 8333(c). Therefore, the Board correctly concluded that petitioner does not qualify for the annuity he seeks.
 
 
 6
 Petitioner argues that his position was permanent. The alleged permanence of his position does not entitle him to an annuity where he was paid from nonappropriated funds. The Board properly applied the law to the facts of Mr. Udani's employment, and did not abuse its discretion.