98 F.3d 1359
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles W. COOK, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3299.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1996.
 
 Before NEWMAN, PLAGER and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Charles W. Cook seeks review of the final decision of the Merit Systems Protection Board (Board) affirming the Office of Personnel Management's (OPM) denial of his claim for disability retirement. Because this court detects no legal or procedural error in the Board's decision, we affirm.
 
 BACKGROUND
 
 2
 Mr. Cook was employed with the Department of the Navy (Navy), Naval Air Systems Command, Naval Air Station, Pensacola, Florida. From 1987 until January 1993, Mr. Cook worked as a sheet metal mechanic. During that time, Mr. Cook developed "contact dermatitis," a condition of inflamed and irritated skin that resulted from his regular exposure to sheet metal, fiberglass, and other irritants.
 
 
 3
 An on-site Navy doctor confirmed this condition and recommended that Mr. Cook be restricted from working with sheet metal and fiberglass. In January 1993, the Navy temporarily reassigned Mr. Cook to a position as a taxi driver in order to accommodate his disability. The reassignment did not affect Mr. Cook's grade or salary.
 
 
 4
 On April 2, 1993, Mr. Cook resigned from the Navy. One year later he applied for disability retirement, citing contact dermatitis as his disability. OPM denied Mr. Cook's claim, concluding that he did not show that his condition prevented him from performing his duties at the time he resigned, i.e., driving a taxi. Mr. Cook requested reconsideration and OPM confirmed its initial holding.
 
 
 5
 Mr. Cook appealed to the Board. The Board issued an initial decision affirming OPM's denial of disability benefits on the grounds that Mr. Cook had failed to prove by a preponderance of evidence that his condition prevented him from carrying out the duties of his job at the time he retired. The initial decision became final on May 28, 1996, when the Board denied Mr. Cook's petition for review. Mr. Cook filed this petition for review.
 
 DISCUSSION
 
 6
 In disability retirement cases, this court may review the Board's decision only to determine whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Lindahl v. Office of Personnel Management, 470 U.S. 768, 791 (1985); Lee v. Office of Personnel Management, 762 F.2d 987, 988 (Fed.Cir.1985). Thus, this court reviews the Board's determination only for its compliance with proper legal and procedural standards and not for the correctness of its factual underpinnings. See Bruner v. Office of Personnel Management, 996 F.2d 290, 291 (Fed.Cir.1993).
 
 
 7
 An applicant for disability retirement bears the burden of demonstrating by preponderant evidence that he is disabled within the meaning of 5 U.S.C. § 8337(a) (1994). See Lindahl v. Office of Personnel Management, 776 F.2d 276, 280 (Fed.Cir.1985). In order to carry this burden, the applicant must establish that he is unable, because of disease or injury, to render useful and efficient service in the employee's position and is not qualified for reassignment. 5 U.S.C. § 8337(a).
 
 
 8
 OPM and the Board concluded that Mr. Cook failed to carry his burden. In his arguments before this court, Mr. Cook claims that the Board overlooked the importance of certain factual allegations, including the allegation that his supervisor counseled him to resign because there was no place else to reassign him. However, consideration of such factual issues is beyond the scope of judical review available. Lindahl, 470 U.S. at 791; Lee, 762 F.2d at 988.
 
 
 9
 In sum, the record in this case indicates that the Board applied the correct legal and procedural standards to Mr. Cook's claim. This court's review can go no further. Accordingly, this court affirms.