**Ronald REESE, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 01–3111.**

United States Court of Appeals, Federal Circuit.

May 15, 2001.

Before MAYER, Chief Judge, MICHEL and CLEVENGER, Circuit Judges.

PER CURIAM.

Ronald Reese petitions this court for review of the decision of the Merit Systems Protection Board ("Board") affirming the denial by the Office of Personnel Management ("OPM") of his application for disability retirement. *See Reese v. Office of Personnel Management,* Docket No. PH–831E–00–0183–I–1 (Initial Decision June 30, 2000). Mr. Reese's sole argument on appeal is that the Board's decision is not in accordance with this court's decision in *Bruner v. Office of Personnel Management,* 996 F.2d 290, 294 (Fed.Cir.1993), which established a presumption of entitlement to disability retirement benefits for applicants who are removed from federal service due to physical disability. Because the Board properly determined that *Bruner* is inapplicable to this case, the decision of the Board is *affirmed.*

## BACKGROUND

Mr. Reese was a letter carrier with the United States Postal Service in Philadelphia, Pennsylvania. In 1996, Reese signed a Last Chance Agreement in which he agreed to submit to unannounced drug screening tests. On August 14, 1998, the Postal Service issued Reese a Notice of Removal which cited misconduct (drug use) as the reason for his removal. In September 1998, Reese applied for disability retirement due to a back condition. The Postal Service then deferred his removal pending the adjudication of his disability retirement application.

On April 5, 1999, OPM denied Reese's application for disability retirement, citing

insufficient evidence of disability. Reese requested reconsideration, which OPM denied on January 18, 2000. Reese then appealed OPM's decision to the Board. In the initial decision for the Board, the administrative judge carefully reviewed Reese's disability evidence, and affirmed OPM's denial of Reese's application. *Reese,* slip op. at 7. The administrative judge, however, held *Bruner* inapplicable because Reese had not been separated from service, and also because the reason given in the Notice of Removal was his misconduct, not disablement. *Id.* at 5. On November 22, 2000, the full Board denied Reese's petition for review of the initial decision, causing the initial decision to become the final decision of the Board. Reese filed a timely petition for review by this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of Board decisions in disability cases is highly deferential. This court lacks authority to review either the substantive merits of a disability determination, or its factual underpinnings. *Lindahl v. Office of Personnel Management,* 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674, *on remand,* 776 F.2d 276, 277 (Fed.Cir.1985). We must assure, however, that the correct legal and procedural standards were applied. *Id.*

In *Bruner* we held that "the government's action in separating an employee *for disablement* produces a presumption of disability that serves to shift to the government the burden of production." *Bruner,* 996 F.2d at 294 (emphasis added). In this case, the Board found that there was no evidence to indicate that Reese had actually been removed by the Postal Service. In fact, the record clearly shows that his proposed removal was deliberately deferred pending adjudication of his disabili-

ty claim. Furthermore, the reason for his proposed removal was his misconduct, not his claimed disability. Because the *Bruner* presumption of disability applies only where the employee has been separated "for disablement," the Board's conclusion that it is inapplicable was clearly correct. Accordingly, Reese is not entitled to a presumption of disability, and the government was not subject to a burden of production to dispute Reese's claim. Thus, there was no procedural error, and the decision of the Board must be affirmed.