# United States Court of Appeals for the Federal Circuit

2006-3172

LISA S. RAPP,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Lisa S. Rapp, of Pensacola, Florida, pro se.

Michael J. Dierberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Kathryn A. Bleecker, Assistant Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2006-3172

LISA S. RAPP,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  April 18, 2007

_____

Before NEWMAN, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

Opinion for the court filed by <u>Circuit Judge</u> PROST.  Opinion dissenting-in-part filed by <u>Circuit Judge</u> NEWMAN.

PROST, <u>Circuit Judge</u>.

Petitioner Lisa S. Rapp appeals a decision by the Merit Systems Protection Board ("MSPB" or "Board") affirming an Office of Personnel Management ("OPM") decision terminating her disability annuity.  <u>Rapp v. Office of Pers. Mgmt.</u>, No. AT844E050056-I-1 (M.S.P.B. Dec. 27, 2005).  In light of the fact that there is an insufficient basis upon which to determine whether the Board committed procedural error, we vacate the Board's decision and remand for proceedings to determine whether appointment of counsel for Ms. Rapp is warranted.

I. BACKGROUND

Ms. Rapp was previously employed as a GS-12 Computer Specialist with the Department of the Navy. During her employment, Ms. Rapp developed severe mental health problems and was unable to meet the requirements of her position. Accordingly, in February 1997, OPM approved her disability retirement based on a medical diagnosis of major depression and anxiety.

To continue receiving her disability retirement annuity, Ms. Rapp was subject to annual medical evaluations to certify that she was still mentally disabled. See 5 U.S.C. § 8454 (1986). On March 17, 2004, OPM informed Ms. Rapp that the latest medical report that she submitted was not adequate to complete her annual medical review, and requested additional information. However, rather than providing information supporting her claim, Ms. Rapp submitted a statement from her psychiatrist, Dr. Douglas Fraser, indicating that Ms. Rapp's depression was controllable with medication and that he saw "no signs of psychiatric impairment." Accordingly, OPM held that the information Ms. Rapp submitted failed to establish her continued entitlement to the annuity.

Ms. Rapp appealed to the Board and provided additional testimony from a psychologist, Dr. Sandra Adams, indicating that Ms. Rapp still suffered from a major depressive disorder. Although the administrative judge characterized hers as a "troublesome case insofar as the appellant's psychiatrist and psychologist disagree regarding her mental status," Rapp v. Office of Pers. Mgmt., No. AT844E050056-I-1, slip op. at 3 (M.S.P.B. May 27, 2005), the judge found Dr. Fraser's opinion to be more persuasive and concluded that Ms. Rapp had not met her burden of establishing entitlement to continued disability retirement benefits. This decision became final when

the full Board denied review of the administrative judge's decision. This appeal followed.

## II. DISCUSSION

A decision of the MSPB must be affirmed unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

On appeal, Ms. Rapp states that she still has continuing health problems, that the Board failed to provide her with the legal information that she needed in order to adequately represent herself, and that OPM misled her about providing information, told her not to send additional documents, and provided a confusing acknowledgment letter. Additionally, Ms. Rapp alleges she was "incompetent and unable to represent [herself] due to illness and medications during the MSPB process." (Petr.'s Br. at 27.) In fact, on September 11, 2006, Ms. Rapp filed a motion asking for legal assistance on this appeal, and included a letter dated August 31, 2006, from a clinical psychologist, Dr. Pashia Groom, stating her evaluation of Ms. Rapp's mental and physical health.

On appeal, this court has no authority to review the facts of whether Ms. Rapp is entitled to a disability annuity. Our review is limited to whether there was "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some error 'going to the heart of the administrative determination.'" Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 780-81 (1985). We review only Ms. Rapp's arguments concerning procedural rights in light of her having represented, on

appeal, that she was not competent to understand the legal requirements and respond to the objections raised by OPM and the administrative judge, and in light of her request for appointment of counsel.

Although Ms. Rapp requests appointment of counsel to assist her before this court, we feel that questions regarding her eligibility for appointment of counsel are more appropriately resolved by the Board, in the first instance, in situations such as this case. Moreover, Ms. Rapp's request raises the issue of whether she was ever competent to represent herself before OPM and the Board, which is also appropriately resolved by the Board in the first instance.

This court's standard for mental incompetence is an inability to handle one's personal affairs because of either physical or mental disease or injury. An applicant may be "one having some minimal capacity to manage his own affairs, and not needing to be committed. The claimant is not required to have been a raving lunatic continuously." French v. Office of Pers. Mgmt., 810 F.2d 1118, 1120 (Fed. Cir. 1987).

In French, we previously considered the appointment of counsel for an individual already determined to be incompetent. There, we remanded to the MSPB to formulate procedures to ensure the presence of a competent conservator or attorney in "an apparently nonfrivolous claim of past incompetence by one presently incompetent." Id. Unlike French, however, there has been no determination that Ms. Rapp was ever incompetent. At best, Ms. Rapp was determined to have been previously, but not presently, mentally disabled. Notably, however, mental disability and mental incompetence are not the same thing. See McLaughlin v. Office of Pers. Mgmt., 353 F.3d 1363, 1367 (Fed. Cir. 2004) ("A person mentally incompetent . . . may not be,

ultimately, determined disabled. Moreover, disability . . . does not require mental incompetence."). Accordingly, French provides us with little guidance in this case.[1]

The MSPB, however, has vacated initial decisions and remanded appeals for new adjudications when an appellant was unrepresented in the lower proceeding and there were indications below that the appellant was suffering from a psychiatric disorder that was likely to have affected his or her ability to adequately represent him or herself. Connelly v. U.S. Postal Serv., 35 M.S.P.R. 614, 617 (1987); Bergstein v. U.S. Postal Serv., 27 M.S.P.R. 56, 59-60 (1985). However, in the proceedings before the agency or the Board, the appellants in these cases either explicitly stated a belief that they could

---

[1]      The dissent seems to overlook this fact and implies that this court instructed the MSPB to assist a claimant whenever he or she fails to establish his or her incompetency. See Dissent at 3. This, however, is not what the court did in French. To the contrary, as discussed above, Mr. French had already been determined to be incompetent, not merely mentally disabled. The only issue was whether Mr. French should be required to establish or allowed to attempt to show his own incompetency for the previous years, without the assistance of counsel. French, 810 F.2d at 1119. The case did not turn on his assertion of previous incompetence, or on his failure to establish such incompetence. Instead, the case turned on the fact that Mr. French was undisputedly incompetent at the time of the hearing. In light of this undisputed incompetence, the court held that Mr. French "alone should not be charged with the task of establishing" his past incompetency. Id. at 1120. As such, the implication that any claimant that asserts mental incompetence is automatically entitled to a remand and appointment of counsel is not supported by the court's holding in French.
    The dissent also overstates the holding in the remand from French when stating that "the Board . . . held that when the basis of the employee claim is mental illness, an adverse decision should not be rendered until the Board has assured itself that 'circumstances conducive to fair adjudication' were obtained." Dissent at 4-5. The Board, however, does not appear to have applied such a far-reaching principle. To the contrary, the Board merely directed the Regional Office not to enter an adverse order against Mr. French, who had already been found incompetent at that time, until he found counsel. French v. Office of Pers. Mgmt., 37 M.S.P.R. 496, 499 (1988). If necessary, the Board also authorized the Regional Office to dismiss the case without prejudice to reinstitution of the action "under circumstances conducive to fair adjudication." Id. The Board's directive did not extend to other cases or prohibit rendering adverse decisions against other employees alleging mental illness.

2006-3172                          5

not adequately represent themselves, or acted in a manner that indicated they may be unable to adequately represent themselves.

Here, although Ms. Rapp alleges she raised the issue of her competency before the Board, the record does not reflect whether or not the Board considered the issue. As such, the record is insufficient for us to determine whether or not procedural error was committed when Ms. Rapp was allowed or required to represent herself before the Board. In light of the unusual circumstances of this case, we vacate the Board's decision and remand to the Board for further proceedings to determine, in the first instance and consistent with its own procedures, whether Ms. Rapp was competent to represent herself in the proceedings before the OPM and the Board and, if she was not, to reevaluate her claim once she has acquired or been appointed adequate legal counsel.[2,3]

---

[2] The dissent states that these proceedings would be "redundant" because Ms. Rapp "has already failed in representing herself at such a hearing." Dissent at 1. We disagree, as the record does not reflect that a determination of Ms. Rapp's competency has ever been made. Furthermore, to the extent the hearing to which the dissent refers is the previous MSPB hearing in which Ms. Rapp unsuccessfully attempted to recertify her mental disability, the dissent assumes that Ms. Rapp was ultimately unsuccessful because she was incompetent and not because, as her doctor stated, she was no longer mentally disabled. Such an assumption is unsupported by the record.

[3] The dissent also provides no basis for its assertion that "the burden should reside with OPM to show that a person who OPM had previously found to be mentally disabled is no longer so." Dissent at 2. As this court has held before, "the MSPB has the authority to impose on the applicant . . . the burden of proving his disability." Lindahl v. Office of Pers. Mgmt., 776 F.2d 276, 280 (Fed. Cir. 1985). Nothing in our case law indicates that this does not extend to persons asserting a mental disability under 5 U.S.C. § 8337(a). In fact, French, the case the dissent relies upon so heavily, makes clear that even a person currently incompetent has the burden of establishing his or her past incompetence. 810 F.2d at 1119.

COSTS

No costs.

<u>VACATED AND REMANDED</u>

# United States Court of Appeals for the Federal Circuit

2006-3172

LISA S. RAPP,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

NEWMAN, <u>Circuit Judge</u>, dissenting in part.

This case illustrates the difficulties confronting <u>pro</u> <u>se</u> appellants who had, and may still have, a mental disability. I agree that further proceedings are warranted, and write separately with respect to the nature of the proceedings.

Ms. Rapp, who had been found by OPM to be mentally disabled and was receiving an annuity on that ground, had already established that she was mentally disabled until the period of current review. I agree with the court that it is necessary to determine whether Ms. Rapp is capable of conducting her own legal proceedings, when she says she is not. My concern is that the purpose for which my colleagues remand to the Board, for a hearing whereby she must prove that she is not capable of representing herself, is redundant at

this stage, for she has already failed in representing herself at such a hearing. Ms. Rapp is being asked to demonstrate, acting pro se, that she cannot adequately act pro se. In such circumstances, for persons who have previously been found to be mentally disabled, when that person states that she needs help with the requirements of establishing disability, then (1) the Board's procedures established in French v. Office of Pers. Mgmt., discussed post, should be invoked to obtain legal assistance; and (2) the burden should reside with OPM to show that a person who OPM had previously found to be mentally disabled is nonetheless capable of representing herself despite her contrary representation.[1]

## I

On this appeal, OPM stresses that the Federal Circuit has no authority to review the facts of whether Ms. Rapp is mentally disabled. That is of course correct. We do not review the substance of her past or present disability; the only issue is whether she received the requisite procedural safeguards, that is, whether there was "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some error 'going to the heart of the administrative determination.'" Lindahl v. Office of

---

[1] The majority opinion has in its footnotes 1-3 inaptly characterized both this position and the leading case in this field, French v. OPM. This court in French did not restrict its ruling to persons already adjudicated as mentally disabled; had Mr. French been in that position, he would not have had to appeal OPM's decision that he was not disabled. Contrary to the majority's statement, my concern is directed only to persons who, like Ms. Rapp, have already been found by OPM to be mentally disabled. I do not propose that anybody at all can simply state that they are not able to represent themselves; they must have already been found to be mentally disabled. Ms. Rapp was so found in 1997, and every year since. Whether she is now cured is of course at issue, but no adjudicatory body has so found and her medical reports are in conflict. Although my colleagues argue that this dissent "overstate[s]" the holding in French, the Board in French actually prohibited the rendering of a decision adverse to Mr. French until he had adequate counsel; this holding speaks for itself, and is not overstated.

Pers. Mgmt., 470 U.S. 768, 780-81 (1985); 5 U.S.C. §7703(c). Thus in connection with the mental disability claim in French v. Office of Pers. Mgmt., 810 F.2d 1118 (Fed. Cir. 1987), this court instructed the Board to assist the claimant, stating,

> We agree that French failed to establish his incompetence from 1968 to the present. However, we disagree that he alone should be charged with the task of establishing his case.

Id. at 1120. The Board then developed procedures, see French v. Office of Pers. Mgmt., 37 M.S.P.R. 496, 499 n.4 (MSPB 1988) ("We are mindful of the court's instruction that special procedures are appropriate in cases of this nature"), and rulemaking followed, see Federal Employees' Retirement System-Disability Retirement, 55 Fed. Reg. 6596, 6597 (1990) (final rule) ("a recent court case, French v. OPM, has resulted in both OPM and the Merit Systems Protection Board taking a more active role in ensuring that such individuals have adequate legal representation before a final decision can be made in their cases").

The Federal Circuit has reiterated its concern that the case of mentally disabled employees should be adequately presented when employment-related issues arise. See Harris v. Dep't of Veterans Affairs, 142 F.3d 1463 (Fed. Cir. 1998):

> In French, this court and the Board recognized that a person's mental incompetence may affect his ability to pursue and secure his rights under the law. When the Board is on notice of a person's likely incapacity in connection with a disability retirement application, it must enforce the rules it established in French for such cases.

Id. at 1471. The court in Harris stressed that persons "of likely mental incapacity" should not be disadvantaged in the annuity process by that incapacity, stating that

> we require the Board to follow its own French procedures in determining whether the [agency] breached its duty to assist [the claimant]. In so doing, we implement [the regulations] in a manner which draws the Board, the [agency], and OPM in a cooperative undertaking to assure that persons of

2006-3172                                    3

likely mental incapacity will not suffer an impairment of their rights on account of their incapacity.

Id. at 1472.

In the posture of Ms. Rapp's case, she had previously been found by OPM to be mentally disabled, and she requests assistance in complying with the legal requirements for continuation of her disability annuity. Indeed, the requirements that OPM found she did not meet include technical requirements of personnel regulation and legal practice, such as the need to include in the physicians' reports a discussion of "specific job duties," and the need to include medical evidence of her "medical status, treatment/response to treatment, and prognosis." She apparently was not told that she was required to establish that she is mentally disabled for not only the position she previously held, but also any other position that she is qualified for at the same grade or pay level.

On appeal to this court, Ms. Rapp states that the Board did not provide her with the legal criteria that she needed in order to meet its requirements, and that the OPM procedures were confusing and misleading. She writes: "I was incompetent and unable to represent myself due to [these] strong debilitating medications with many side effects that directly related to my disabling condition." My colleagues, seeming to prejudge their remand, refer to her "numerous submissions," and OPM also argues the merits of whether her submissions show mental disability. Thus OPM proposes that Ms. Rapp is not entitled to legal assistance based on mental disability because she has tried, albeit unsuccessfully, to meet the requirements of showing mental disability, while Ms. Rapp states that she was not capable of presenting a better case because of her mental disability.

When parties are not in equitable balance, the law looks to the placement of the evidentiary burdens. Thus the Board in French held that when the basis of the employee claim is mental illness, an adverse decision should not be rendered until the Board has assured itself that "circumstances conducive to fair adjudication" were obtained. 37 M.S.P.R. at 499. It is appropriate to remand for application of the Board's French-derived guidelines, thereby to implement her request for assistance.

The majority's reliance on McLaughlin v. Office of Pers. Mgmt., 353 F.3d 1363 (Fed. Cir. 2004), is inapt, for McLaughlin supports the application of French principles to the question of a former federal employee's mental competence to represent himself. Id. at 1368. McLaughlin was decided on the standard of whether the Board's determination was supported by substantial evidence, this court stating, "[a] person mentally incompetent for purposes of the [statutory filing deadline] waiver may not be, ultimately, determined disabled." Id. at 1367. Yet McLaughlin held that the substantial evidence standard was appropriate in reviewing whether a former federal employee who was not found to be mentally incompetent should be excused from a statutory filing deadline. Id. at 1369. Meeting a filing deadline may not require the same mental competence as satisfying several complex legal criteria.

My suggestion is a simple one: when OPM has already found a person to be mentally disabled and that person states she is unable to represent herself in the substantive legal process, the burden shifts to OPM to come forward with evidence to show that such a person can nevertheless represent herself. The ultimate burden may indeed remain with the employee, but a prior adjudication of mental disability is properly deemed a

prima facie case of mental disability, at least for purposes of providing assistance as in French and ensuing cases.

On the facts and procedural posture of this case, a hearing on the threshold question of need for assistance is superfluous, and merely a further delay in resolving the substance of her appeal.

Thus I must, respectfully, dissent from the court's procedure whereby, instead of requiring reasonable assistance in determining whether she is still mentally disabled, the court holds that Ms. Rapp must first prove that she is mentally disabled in order to receive assistance in showing that she is mentally disabled.