NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GREGORY W. INGRAM,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3022

---

Appeal from the Merit Systems Protection Board in No. DC831E090776-M-1.

---

Decided: March 12, 2013

---

GREGORY W. INGRAM, of Phoenix, Arizona, pro se.

STEVEN M. MAGER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before NEWMAN, LINN, and WALLACH, *Circuit Judges.*

PER CURIAM.

Gregory W. Ingram ("Ingram") appeals a final decision of the Merit Systems Protection Board ("Board"), which affirmed the Office of Personnel Management's ("OPM") denial of Ingram's application for disability retirement. Because this court lacks jurisdiction to review the Board's factual determinations regarding disability retirement, and because the Board's decision is otherwise in accordance with the law, this court affirms.

BACKGROUND

Ingram began his employment as a Pay Technician with the Department of the Air Force ("Air Force") on July 10, 2006. On July 3, 2007, the Air Force terminated Ingram for failing to satisfactorily complete his one-year trial period. Specifically, the Air Force noted that Ingram had been absent from work for over eleven months, there was no indication he would return to work in the near future, and he failed to provide acceptable medical documentation indicating why he was unable to report to work.

On July 2, 2008, Ingram applied to OPM for disability retirement benefits. Ingram identified numerous conditions that he contended rendered him unable to work since July 11, 2006. In a decision dated April 9, 2009, OPM discussed Ingram's medical documentation and concluded that he failed to establish he had a disabling medical condition prior to his removal from the Air Force. Ingram appealed to the Board and on November 24, 2009 an administrative judge issued an initial decision that the Board affirmed in a July 23, 2010, final order. On appeal to this court, OPM moved to voluntarily remand Ingram's case for the Board to consider the Social Security Administration's May 2, 2010 grant of disability benefits to Ingram.

On remand, the administrative judge concluded that the Social Security Administration's determination that Ingram became disabled in 2009 did not contradict his previous finding that Ingram had failed to establish entitlement to disability retirement prior to his July 2007 termination. Consequently, the administrative judge again found that Ingram failed to establish by a preponderance of the evidence that he is entitled to disability retirement benefits. On August 27, 2012, the Board concluded that the administrative judge had not erred and the Board denied Ingram's petition for review. Ingram timely appealed, and this court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## DISCUSSION

OPM determines a claimant's entitlement to disability retirement. Except to the extent an appeal to the Board may be permitted, *see* 5 U.S.C. § 8347(d), OPM's decisions "are final and conclusive and are not subject to review," § 8347(c). Sections 8347(c) and (d) have been interpreted to foreclose this court's review of underlying factual determinations in disability retirement cases, leaving this court with limited jurisdiction to consider only whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Lindahl v. OPM*, 470 U.S. 768, 791 (1985) (internal quotation marks omitted).

Ingram argues that the Board incorrectly decided or failed to take into account facts stated in his November 4, 2011 and July 3, 2012 letters to the Clerk of the Board. Ingram's argument has no merit. First, the argument flies in the face of the record, which plainly reveals that the Board expressly considered the evidence that Ingram refers to in those letters. Second, as noted above, this court by statute lacks authority to review the evidence

and revisit the factual determinations made in this case. *See* 5 U.S.C. § 8347(c).

Ingram also cites *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, 320-23 (2012), to argue that the Board applied the wrong law to his claim. The government argues that Ingram waived any argument about *Henderson* by not raising it before the Board. The government also argues that *Henderson* is inapposite because it merely confirms that the appropriate burden of proof is preponderant evidence, and not a higher "unambiguously and without contradiction" standard. Resp. Br. 11. And here, the Board properly required Ingram to show his entitlement by a preponderance of the evidence.

The government is correct. 5 U.S.C. § 8337(a) sets forth the requirements for a claimant to receive disability retirement benefits. To receive such benefits, a claimant must present preponderant evidence that he meets the statutory requirements. *Lindahl v. OPM*, 776 F.2d 276 (Fed. Cir. 1985) (holding, on remand from the Supreme Court, that the claimant bears the burden to show entitlement to disability retirement benefits by preponderant evidence). *Henderson* overrules previous cases suggesting that, pursuant to § 8337(a), a claimant must show "that medical evidence . . . unambiguously and without contradiction show[s] how the medical condition affects specific job duties or indicate[s] that the appellant cannot meet the requirements of her position." 117 M.S.P.R. at 322. But the Board here did not require Ingram to meet any such heightened burden of proof. Both the administrative judge and the Board found that Ingram failed to demonstrate by preponderant evidence that he was entitled to disability retirement before his termination in July 2007.

For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED.**

## Costs

Each party shall bear its own costs.