949 F.2d 403
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Arsenio G. BAUTISTA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3293.
 United States Court of Appeals, Federal Circuit.
 Oct. 10, 1991.
 
 Before NIES, Chief Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner appeals from a reconsideration decision of the Merit Systems Protection Board (MSPB or Board), which sustained the determination of the Office of Personnel Management (OPM), that petitioner is not entitled to an annuity under the Civil Service Retirement Act (CSRA), because he did not establish that he had five years of creditable civilian service. We affirm the decision of the Board (Docket No. SE08318910793).
 
 DISCUSSION
 
 2
 * Under the applicable statute, 5 U.S.C. § 8333(a), a government employee must establish that he has completed five years of creditable civilian service in order to be entitled to a civil service retirement annuity. The burden of proof is on the petitioner to establish his entitlement to retire under the Civil Service Retirement Act. Lindahl v. OPM, 776 F.2d 276 (Fed.Cir.1985). After a careful review of the record, we find that the Board correctly determined that petitioner failed to discharge that burden.
 
 II
 
 3
 The Board correctly held that Mr. Bautista's service with the Insular Government of the Philippine Islands from the outbreak of World War II until February 28, 1945, is not a covered service under the Civil Service Retirement Act. See Federal Personnel Manual (FPM), Supplement 831-1, Appendix C, Page C5 (May 5, 1978). Petitioner also failed to meet his burden of establishing creditable service under the Missing Persons Act, 5 U.S.C. § 1001 et seq. He failed to prove that he was employed by the United States Government at the beginning of World War II as required by that Act.
 
 III
 
 4
 Petitioner served with the Department of the Army in the Philippines from (1) August 16, 1945 to December 13, 1945, when he was separated; and from (2) January 4, 1946 to June 30, 1949, when he was separated in a reduction-in-force action. He also served with the Department of State from September 21, 1949 to October 20, 1949, when he was terminated. However, the Board found that no deductions were withheld from petitioner's pay during his service for the Army up to June 30, 1949. The Board also found that all subsequent periods of his service were under appointments that were excluded from coverage under the Civil Service Retirement Act. The Board's decision on these issues was based upon documentary evidence and is supported by substantial evidence.
 
 
 5
 Mr. Bautista has presented no grounds which would justify reversal of the Board's decision. Because he has failed to establish that the Board's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, the Board's decision must be affirmed. See 5 U.S.C. § 7703(c)(1).