**Arcelina M. BAUTISTA, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
**Respondent.**

No. 06–3009.

United States Court of Appeals,
Federal Circuit.

Feb. 8, 2006.

Before MICHEL, Chief Judge,
MAYER, and BRYSON, Circuit Judges.

DECISION

PER CURIAM.

Arcelina M. Bautista appeals from a decision of the Merit Systems Protection Board, Docket No. SF–0831–04–0744–I–1, upholding a decision of the Office of Personnel Management ("OPM") that denied her request for a survivor annuity under the Civil Service Retirement System ("CSRS"). We *affirm.*

BACKGROUND

Ms. Bautista's request for a survivor annuity is based on the service of her deceased husband, Arsenio G. Bautista. Mr. Bautista served with the Insular Government of the Philippine Islands between 1945 and 1949, but he was no longer in federal service at the time of his death in 2001. In the 1980s, Mr. Bautista sought entitlement to a CSRS retirement annuity based on his period of federal service. This court affirmed the Board's denial of Mr. Bautista's eligibility, concluding that Mr. Bautista failed to establish that he had five years of creditable civilian service or that any deductions were withheld from his pay during his service. *Bautista v. Office of Pers. Mgmt.,* No. 91–3293, 1991 WL 202640 (Fed.Cir. Oct.10, 1991).

In the present action, Ms. Bautista sought a survivor annuity under the CSRS, but OPM denied her request. OPM noted that her husband had less than five years of federal service and that she was therefore not entitled to an annuity. Ms. Bautista then appealed to the Board. The administrative judge assigned to the case ruled that her appeal was barred by res judicata in light of the earlier decision that her husband was not entitled to a CSRS annuity. She petitions for review of the Board decision by this court.

## DECISION

An employee's surviving spouse is ordinarily entitled to annuity benefits under the CSRS if: (1) the employee dies while in civil service after serving for at least 18 months, 5 U.S.C. § 8341(d); (2) the employee was an annuitant who elected a reduced annuity with a survivor benefit, 5 U.S.C. § 8341(b)(1); or (3) the employee has unrefunded retirement contributions, 5 U.S.C. § 8342(d). *See, e.g., Narvasa v. Office of Pers. Mgmt.*, 47 M.S.P.R. 152, 154 (1991). In this case, the Board rejected Ms. Bautista's claims as barred by the doctrine of res judicata and unsupported by any evidence of record.

In her appeal to this court, Ms. Bautista seems to urge that she may be entitled to a survivor annuity under the second or third of the provisions listed above. However, Ms. Bautista's eligibility for a survivor annuity depends on her husband's eligibility for a retirement annuity. Even assuming that Ms. Bautista is not in privity with Mr. Bautista and therefore her claim is not barred by the doctrine of res judicata, she nonetheless bears the burden of showing that the Board's decision in Mr. Bautista's case was incorrect on the merits. With respect to that issue, Ms. Bautista offered no evidence to support her assertion that her husband's service qualified him for a retirement annuity or that her husband made retirement contributions during his years of service. She therefore failed to make the showing necessary to establish her entitlement to a survivor annuity. Accordingly, we hold that the Board did not err in sustaining OPM's decision.