FRIEDMAN, Circuit Judge.
 

 This is an appeal from the judgment of the United States Claims Court dismissing without prejudice Burlington Northern Railroad Company’s (Burlington) suit seeking just compensation from the United States under the fifth amendment for the alleged taking of Burlington’s coal reserves in Custer National Forest. We affirm.
 

 I
 

 Burlington filed a petition in the Claims Court alleging that it owns substantial mineral reserves, including coal, which are under federal and privately-owned lands within the Custer National Forest. Burlington contended that section 522(e)(2)(B) of the Surface Mining Control and Reclamation Act (Act), 30 U.S.C. § 1272(e)(2)(B) (1982), prohibits all surface coal mining within the Custer National Forest, that its reserves can be “recovered only by surface mining techniques,” and that the Act rendered Burlington’s reserves “valueless” and effected a taking of Burlington’s property.
 

 Section 522(e) of the Act restricts surface coal mining on certain federal lands. The statute provides in pertinent part:
 

 After August 3, 1977, and subject to valid existing rights no surface coal mining operations except those which exist on August 3, 1977, shall be permitted—
 

 (1) on any lands within the boundaries of units of the National Park System,
 

 (2) on any Federal lands within the boundaries of any national forest:
 
 Provided, however,
 
 That surface coal mining operations may be permitted on such lands if the Secretary finds that there are no significant recreational, timber, economic, or other values which may be incompatible with such surface coal mining operations and—
 

 (A) surface operations and impacts are incident to an underground coal mine; or
 

 (B) where the Secretary of Agriculture determines, with respect to lands which do not have significant forest cover within those national forests west of the 100th meridian, that surface mining is in compliance with the Multiple-Use Sustained-Yield Act of 1960 ... and the provisions of this chapter:
 
 And provided further,
 
 That no surface coal mining operations may be permitted within the boundaries of the Custer National Forest; ____
 

 30 U.S.C. § 1272(e).
 

 The United States moved to dismiss the petition for failure to state a claim upon which relief could be granted. The United States contended that the prohibition on surface coal mining in Custer National Forest is subject to the valid existing rights
 
 *629
 
 exception and does not apply to private holdings there, and that with respect to the reserves under federal land, the suit was premature because Burlington had not exhausted its administrative remedies by seeking a mining permit from the Secretary.
 

 Ruling from the bench, the Claims Court (Chief Judge Kozinski) refused to hold that the Act on its face effected a taking. The court pointed out that the government argued that the Act does not absolutely prohibit coal mining in Custer National Forest and that for six years Burlington had not attempted to obtain a mining permit or to mine the resources without a permit.
 

 II
 

 “[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.”
 
 McKart v. United States,
 
 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (1969),
 
 quoting from Myers v. Bethlehem Shipbuilding Corp.,
 
 303 U.S. 41, 50-51, 58 S.Ct. 459, 463-464, 82 L.Ed. 638 (1938).
 
 See also Hodel v. Virginia Surface Mining & Reclamation Assn.,
 
 452 U.S. 264, 297, 101 S.Ct. 2352, 2371, 69 L.Ed.2d 1 (1981).
 

 Subchapter V of the Act, 30 U.S.C. §§ 1251-1279, created a detailed system for control of the environmental effects of surface coal mining. It gave the Secretary of the Interior broad authority to regulate surface coal mining operations. Anyone seeking to conduct those operations must obtain from the Secretary a permit to do so. §§ 1256-60. The Act provides for administrative hearings and judicial review of the agency’s final determinations on permit applications. §§ 1264, 1276.
 

 In its appeal to this court, the sole reason Burlington gives for not seeking a permit from the Secretary is that such action would have been futile because, as Burlington interprets the Act, the Secretary has no authority to permit mining in Custer National Forest. The government counters that the Secretary has that authority. At oral argument the government explicitly represented that if Burlington could bring itself within the “valid existing rights” exception to section 522(e) and satisfy any other statutory or regulatory requirements, the Secretary would grant a permit to conduct surface coal mining within Custer National Forest.
 

 Both parties make cogent arguments based upon the language and legislative history of the Act to support their conflicting views of the Secretary’s authority to permit surface mining of coal in Custer National Forest. We find it unnecessary to discuss or evaluate those arguments, however, since we conclude that the question of statutory authority is one for the Secretary to decide in the first instance. We cannot unequivocally say, as Burlington contends, that the Secretary does not have the authority the government tells us he believes he possesses.
 

 The interpretation of the Act by the official charged with administering it is one to which the courts would give great deference.
 
 Udall v. Tollman,
 
 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965). Before we decide this question of statutory interpretation, we think it appropriate to have the benefit of the Secretary’s determination.
 

 Indeed, that determination may obviate the need for us to decide whether the Secretary may authorize surface coal mining or whether the Act constituted a taking of Burlington’s coal reserves. If Burlington seeks and obtains a permit from the Secretary and that permit is not judicially challenged or invalidated, Burlington would be able to vindicate the right it asserts the Act denies it, namely, the right to conduct surface coal mining in Custer National Forest.
 

 In
 
 Hodel,
 
 in rejecting the contention that the “mere enactment” of other provisions of the Act constituted a taking, 452 U.S. at 295, 101 S.Ct. at 2370, the Court made the following statement which, with slight changes in language, would be equally applicable to the present case:
 

 
 *630
 
 [A]ppellees cannot at this juncture legitimately raise complaints in this Court about the manner in which the challenged provisions of the Act have been or will be applied in specific circumstances, or about their effect on particular coal mining operations. There is no indication in the record that appellees have availed themselves of the opportunities provided by the Act to obtain administrative relief by requesting either a variance from the approximate-original-contour requirement of § 515(d) or a waiver from the surface mining restrictions in § 522(e). If appellees were to seek administrative relief under these procedures, a mutually acceptable solution might well be reached with regard to individual properties, thereby obviating any need to address the constitutional questions. The potential for such administrative solutions confirms the conclusion that the taking issue decided by the District Court simply is not ripe for judicial resolution.
 

 Id.
 
 at 297, 101 S.Ct. at 2371, fns. omitted.
 

 In holding that Burlington cannot now maintain a suit for a taking because it has not exhausted its administrative remedies by seeking a permit from the Secretary, we express no views on whether Burlington could bring such a suit if it ultimately were decided that the Secretary has no authority to authorize surface coal mining in Custer National Forest. If that were to happen, Burlington might have a valid claim for the taking of its property. Indeed, the Claims Court so recognized when it dismissed the suit without prejudice. We hold only that Burlington’s taking claim is premature.
 

 The judgment of the Claims Court is affirmed.
 

 AFFIRMED.