**Delores R. BAKER, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**Appeal No. 85–847.**

United States Court of Appeals, Federal Circuit.

Jan. 28, 1986.

James B. Hopewell, Gaegler & Hopewell, Riverdale, Md., argued for petitioner.

Alvin A. Schall, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director.

Before FRIEDMAN, DAVIS and NIES, Circuit Judges.

DAVIS, Circuit Judge.

Petitioner Delores R. Baker was denied civil service disability retirement by the Office of Personnel Management (OPM) and the Merit Systems Protection Board (MSPB) on the ground (inter alia) that her ailments continued, in large part, as a result of her own failure to follow medically-recommended corrective procedures. We affirm in part and dismiss in part because the MSPB applied the correct rules of law and we are not free to canvass the factual underpinnings of the disability determination.

## I.

Petitioner Ms. Baker was a Printing Plant Worker with the Government Printing Office, required to receive, stock, pack and mail publications. Her position called upon her to bend, stoop, stretch, and lift heavy objects. In February 1983, petitioner applied for disability retirement on the ground that she suffered from degenerative back disease, making her unable to perform the duties we have just mentioned. OPM denied the application and confirmed that denial on reconsideration. On petitioner's appeal to the MSPB, the presiding official appraised the medical record and upheld the OPM. The full MSPB declined review. 23 M.S.P.R. 288 (1984).

■ Ms. Baker wants us to review the record and determine whether there was substantial evidence supporting the MSPB nondisability determination. That, of course, we have no jurisdiction to do. *Lindahl v. Office of Personnel Management,* — U.S. —, 105 S.Ct. 1620, 1628, 1633, 84 L.Ed.2d 674 (1985), *on remand,* 776 F.2d 276, 277 (Fed.Cir.1985). That portion of the petition must therefore be dismissed as beyond our jurisdiction.

## II.

■ We do have authority to consider the legal question of whether OPM and MSPB correctly held that an applicant cannot be granted disability retirement if the applicant's condition continues because of her own refusal or failure to follow reasonable medical advice for curing or alleviating that condition. *See Lindahl, supra,* 105 S.Ct. at 1628, 776 F.2d at 277. In this instance, the OPM determined that Ms. Baker's obesity contributed significantly to her back problems, "noting that various doctors had suggested that her compliance with an exercise and weight reduction program could produce clinical improvement." [1] After considering the record, the MSPB concluded that "there is general agreement that [petitioner's] back pain is exacerbated by her obesity and poor muscle tone. Despite having been repeatedly

so advised, there is little indication that [petitioner] is complying with the suggested measures of weight reduction and regular exercise."

In taking account of this continued failure by Ms. Baker to help herself, OPM and MSPB did not misinterpret the retirement legislation or commit any legal error. That very interpretation has been formally adopted by OPM. Its Federal Personnel Manual Letter 831–78, (on Disability Retirement), attachment 1, S10–3h (Documentation of a Medical Condition) (June 23, 1983), expressly provides:

> Disability retirement will not be approved when persistence of the medical condition that has caused the employee's service deficiency results from his/her failure or refusal to accept treatment that he/she would ordinarily be expected to accept in support of activities of daily life, unless acceptance of treatment conflicts with the employee's religious beliefs.

This construction is a reasonable and appropriate implementation of 5 U.S.C. § 8337 ("Disability retirement") which declares that an employee "shall be considered to be disabled only if the employee is found by the Office of Personnel Management to be unable, *because of disease or injury,* to render useful and efficient service in the employee's position ..." (emphasis added). Where, as here, an employee is unable to render useful and efficient service because that employee fails or refuses to follow or accept normal treatment, it is wholly proper to say that the employee's disability flows, not from the disease or injury itself (as the statute requires), but from the employee's voluntary failure or refusal to take the available corrective or ameliorative action. Congress evidently wanted the "disease or injury" to be the fount of the findings of disability, not the applicant's unreasonable refusal to accept proffered and reasonable medical or therapeutic help.

That type of reasonable regulation by the administering agency, entirely consist-

---

1. The quoted language is from the MSPB presiding official's decision. That decision also refers to specific medical reports to the effect that loss of weight and proper exercise were necessary.

ent with the text and purpose of the statute, is entitled to great deference and acceptance. *See, e.g., Consumer Prod. Div., SCM Corp. v. Silver Reed America,* 753 F.2d 1033, 1039 (Fed.Cir.1985); *Burlington Northern R.R. v. United States,* 752 F.2d 627, 629 (Fed.Cir.1985). Accordingly, we accept the Manual's rule on this point.

### III.

For these reasons, we dismiss petitioner's appeal insofar as it seeks review by us of the MSPB's factual determinations and we affirm the legal holdings below that account can and should be taken of petitioner's failure to lose weight and to follow the appropriate exercise program.

*Dismissed in part and affirmed in part.*