826 F.2d 1073
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Brenda J. PETERSEN, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3082
 United States Court of Appeals, Federal Circuit.
 July 24, 1987.
 
 Before DAVIS, Circuit Judge, and BENNETT and MILLER, Senior Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Brenda J. Petersen appeals the decision of the Merit Systems Protection Board, No. PH831L8610159 (Sept. 26, 1986), affirming the denial by the Office of Personnel Management (OPM) of Ms. Petersen's application for disability retirement based on a bronchial asthmatic condition. We affirm.
 
 OPINION
 
 2
 Ms. Petersen resigned from her position as a clerk-typist with the Department of Health and Human Services on June 7, 1985. She previously had filed an application for civil service disability retirement, which was denied. On appeal to the MSPB, the presiding official determined that although her asthmatic condition was aggravated by conditions in the work place, she had not met her burden of showing that her condition prevented her from performing useful and efficient service as a clerk-typist. The full board denied the petition for review and appeal was made to this court.
 
 
 3
 This court's review of disability retirement cases is governed by the Supreme Court's decision in Lindahl v. Office of Personnel Management, 470 U.S. 768 (1985). The Court in Lindahl ruled that the factual underpinnings of disability determinations are not subject to judicial review and limited the scope of any review to a determination of whether 'there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination." Id. at 791 (citation omitted); see also Smith v. Office of Personnel Management, 784 F.2d 397 (Fed. Cir. 1986); Lee v. Office of Personnel Management, 762 F.2d 987 (Fed. Cir. 1985).
 
 
 4
 Thus, to the extent that appellant's arguments are directed towards whether there was substantial evidence to support the MSPB nondisability determination, we do not have jurisdiction to address those contentions. However, we can consider the legal question of whether OPM and MSPB correctly held that an applicant cannot be granted disability retirement if the applicant's own condition continues because of her own refusal or failure to follow medical advice for curing or alleviating that condition. Baker v. Office of Personnel Management, 782 F.2d 993 (Fed. Cir. 1986).
 
 
 5
 Here, several doctors submitted reports that Ms. Petersen suffered from chronic asthma which was aggravated by inhaled allergens and toxins found in her office environment. While not disputing the medical reports with respect to their diagnoses, the presiding official concluded that they did not explain how the appellant's condition rendered her unable to perform specific work functions. Ms. Petersen testified that she did not take her prescribed medication, which apparently consisted of wearing a face mask and periodically using a Mini-Nebulizer breathing machine, while at work. The presiding official noted that the doctors' reports did not address appellant's perceived inability to take her medication while at work. Each of these measures had helped alleviate and improve her condition when used at home. The official concluded that Ms. Petersen therefore had failed to satisfy her burden of proof to show that she would still be unable to render 'useful and efficient service' in her position if she used the face mask and/or the misting machine while at work.
 
 
 6
 We cannot agree with appellant's contention that OPM was in the better position to determine and therefore should have the burden of proof on the issue of whether use of the mask or misting machine would allow her to perform her duties in a useful and efficient manner. Accordingly, we affirm the legal holding that it was petitioner's burden to show the inability of such methods to allow her to continue to work. See Baker, 782 F.2d at 994-95. We dismiss that portion of the petitioner's appeal to the extent that it requests us to examine the MSPB's factual conclusions as to the disability determinations.