31 F.3d 1178
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronald L. SNOW, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3463.
 United States Court of Appeals, Federal Circuit.
 July 22, 1994.
 
 57 MSPR 415.
 AFFIRMED.
 BEFORE NIES, Circuit Judge, SKELTON, Senior Circuit Judge, and SCHALL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Ronald L. Snow appeals from the June 9, 1993, final decision of the Merit Systems Protection Board, Docket Number SF831E920360-I-1, which sustained the Office of Personnel Management's denial of Snow's application for a disability retirement annuity. We affirm.
 
 I.
 
 2
 This appeal raises the question of an employee's entitlement to claim disability where the employee fails or refuses to follow medical advice. Snow worked for the United States Postal Service from 1968 to 1972. He resigned, but he sought and received reinstatement in 1985 with back pay to 1978 as a result of settlement of his EEO claim. After reinstatement in 1985, he was frequently absent from his job and stopped working entirely in April 1987. However, he has been carried as an employee on leave without pay since then.
 
 
 3
 Snow's position as a manual distribution clerk requires heavy lifting and working in a dusty environment. On June 20, 1990, Snow applied for a disability retirement, based upon breathing and orthopedic problems. In initial and reconsideration decisions, the OPM denied any benefits, holding that the record showed his medical condition was insufficiently severe, that his condition was not unresponsive to prescribed medical treatment, and that he did not follow recommended treatment.
 
 
 4
 Snow then appealed to the MSPB. With regard to Snow's alleged disabilities, the Administrative Judge (AJ) held that Snow did not establish a breathing disability, but that a disability could be found due to his back and neck problems. The AJ held that Snow was ineligible for disability retirement benefits because he failed to follow doctor recommendations to cease smoking and follow certain exercise programs. This ruling is in accord with Baker v. Office of Personnel Management, 782 F.2d 993, 994 (Fed.Cir.1986):
 
 
 5
 Where, as here, an employee is unable to render useful and efficient service because that employee fails or refuses to follow or accept normal treatment, it is wholly proper to say that the employee's disability flows, not from the disease or injury itself (as the statute requires), but from the employee's voluntary failure or refusal to take the available corrective or ameliorative action. Congress evidently wanted the "disease or injury" to be the fount of the findings of disability, not the applicant's unreasonable refusal to accept proffered and reasonable medical or therapeutic help.
 
 
 6
 The AJ further held that, in any event, Snow had not met his burden of proof that the agency was reasonably able to accommodate him.
 
 
 7
 The full Board then denied Snow's petition for review over the dissenting opinion of Chairman Levinson, who would have vacated the initial decision and remanded. The dissent reasoned that Snow made a prima facie case that he was disabled by neck and back problems. According to the dissent, the agency should then have been allocated the burden of proving that, had Snow followed the doctors' advice, he could have improved his condition sufficiently that he would not have been disabled. Snow now appeals, urging adoption of the dissenting analysis.
 
 II.
 A.
 
 8
 Snow argues that the record does not establish that, had he ceased smoking and participated in a conditioning program, as advised by his doctors, he would have been able to perform the duties of the manual distribution clerk position. Snow further asserts that it is the burden of the agency to demonstrate that these medical treatments would have sufficiently alleviated his disabilities to allow him to resume his position. Although this Court has no jurisdiction to review the substantive merits of OPM's disability determinations, we can consider whether "there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.' " Lindahl v. Office of Personnel Management, 470 U.S. 768, 791, on remand, 776 F.2d 276, 277 (Fed.Cir.1985) (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct.Cl.), cert. denied, 393 U.S. 952 (1968)). This Court has held that the allocation of the burden of proof in disability retirement cases is among those holdings in which judicial review is permissible. Bruner v. Office of Personnel Management, 996 F.2d 290, 292 (Fed.Cir.1993).
 
 
 9
 We disagree with Snow that the burden of proof was misallocated in this case. As this court held in Lindahl, applicants for disability retirement annuities bear the burden of demonstrating eligibility. 776 F.2d at 277. The statute recognizes applicants as disabled when they are "unable, because of disease or injury, to render useful and efficient service." 5 U.S.C. Sec. 8337 (1988) (emphasis added). Given a record which shows Snow's refusal to follow doctor recommendations, as well as statements by physicians of the deleterious consequences that resulted from that refusal, his disabilities must be considered to flow from his unwillingness to take ameliorative action, rather than from disease or injury itself. See Baker, 782 F.2d at 994.
 
 
 10
 Respecting the benefits of the recommended treatment, neither party could prove with any degree of certainty whether or not Snow's back and neck problems would have improved with therapy. However, all physicians who examined him at a time when he was clearly not disabled recommended an exercise program to help his condition together with cessation of smoking. In 1985, when he resumed his position even he maintained that he was not disabled but rather was fully able, to perform his job. In February and April 1988, two physicians found him fit for duty and prescribed cessation of smoking and exercise to improve his condition. His smoking caused bronchitis and his coughing aggravated his back and neck problems. As found by the AJ, Snow did not follow the physicians' advice.
 
 B.
 
 11
 In its brief, OPM argues that this Court lacks jurisdiction to hear Snow's appeal because Snow did not file a petition for review within 30 days of receiving notice of the final decision of the Board. See 5 U.S.C. Sec. 7703(b)(1) (1988); Monzo v. Department of Transportation, 735 F.2d 1335, 1336 (Fed.Cir.1984). This turned out to be a wholly meritless argument which could and should have been withdrawn well before the date of submission of the case for decision. To demonstrate lateness, OPM noted that Snow's attorney received notice of the Board's denial on June 15 or 16, 1993, and the date of docketing in this court was July 20, 1993, a time period in excess of thirty days.
 
 
 12
 As Snow indicated in his reply brief, the record plainly establishes that this Court received Snow's petition for review on July 12, 1993. The date of docketing is not the date of filing. As members of our bar and seasoned litigators before this Court, the attorneys representing OPM should be fully aware of the difference. A call to the Clerk's Office would have established that there was no basis for a jurisdictional argument based on the untimeliness of appeal. OPM's counsel could and should have confirmed the correct dates before making the argument. Petitioner should not have been required to respond to a baseless argument. In the future, attorneys for OPM are directed to make routine inquiries before burdening a petitioner with the additional time and expense of generating a response to meritless contentions on timeliness. Further, the court should not be burdened with the need to consider opposing briefs and confirm independently what the facts are. Counsel are obligated to withdraw any issue from consideration as soon as they know the issue is unsupportable.