NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-3262

LARRY THOMPSON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  December 11, 2006

_____

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

RADER, Circuit Judge.

The Office of Personnel Management (OPM) denied petitioner Larry Thompson's disability retirement benefits under the Federal Employees Retirement System (FERS). The Merit Systems Protection Board (Board) affirmed.  Larry Thompson v. Office of Pers. Mgmt., SF-844E-05-0638-I-1 (M.S.P.B. Apr. 3, 2006) (Final Order) affirming Larry Thompson v. Office of Pers. Mgmt., SF-844E-05-0638-I-1 (M.S.P.B. Oct. 18, 2005) (Initial Decision).  Because this court does not review  factual determinations in disability retirement cases, Lindahl v. Office of Personnel Management, 470 U.S. 768 (1985), this court dismisses for lack of jurisdiction.

I.

The Veterans Administration (VA) employed Mr. Thompson for approximately fifteen years as a social services assistant. Earlier he held positions as a housekeeping aid, housekeeping aid leader, and health technician with the VA. Two days after Mr. Thompson voluntarily absented himself from his employment, he applied for disability benefits, claiming he suffered from post traumatic stress disorder (PTSD) related to his military service in Viet Nam.

OPM denied his request for disability because he did not meet the applicable criteria. In particular, Mr. Thompson did not have any notable performance deficiencies at the time of his voluntary departure from the VA. Further, OPM did not find any definitive medical evidence indicating that Mr. Thompson was unable to perform his work duties as a result of his mental illness. Mr. Thompson requested reconsideration. OPM affirmed its earlier decision on April 25, 2005.

Mr. Thompson appealed OPM's decisions to the Board. The administrative judge found no evidence in the record from any treating physician specifically describing any duties that Mr. Thompson was incapable of performing. Initial Decision, slip. op. 5. Rather, at the time of his retirement, his job performance was satisfactory and his supervisor had voiced no complaints. Id. While the administrative judge noted Mr. Thompson's PTSD diagnosis, the record did not show that Mr. Thompson's mental condition rendered him incapable of performing his job duties. Id. at 6. Thus, the administrative judge found that the medical evidence did not support a finding of disability. Id. The Board affirmed. Final Order, slip. op. 2.

II.

Section 8461 of Title 5 governs disability retirement appeals such as Mr. Thompson's.  5 U.S.C. § 8461(d).  This court has held that it is "precluded by 5 U.S.C. § 8461(d) from reviewing the factual underpinnings of physical disability determinations, but may address whether there has been "a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error 'going to the heart of the administrative determination.'"" Anthony v. Office of Pers. Mgm., 58 F.3d 620, 626 (Fed. Cir. 1995) (quoting Lindahl, 470 U.S. at 791.)  This standard applies to reviews of disability determinations under the Civil Service Retirement System (CSRS) as well as the FERS.  Id.  In Anthony, this court noted that the Supreme Court in Lindahl preserved "judicial review of factual findings regarding the mental condition of involuntarily retired employees."  58 F.2d at 625.  However as noted above, Mr. Thompson's departure was voluntary.  Thus, this court's review is limited. Id. at 626.

On appeal, Mr. Thompson argues that the Board did not consider a letter from a specific physician because it was mailed to the wrong place.  He further suggested that this evidence would have affected the outcome of the Board's determination. However, this court cannot consider new evidence that was not before the Board.  Cruz v. Dep't of Navy, 934 F.2d 1240, 1245 n.6 (Fed. Cir. 1991).  The remainder of Mr. Thompson's arguments appear to challenge the correctness of the Board's factual determinations of nondisability.  This court cannot discern that the Board made any legal or procedural errors.  This court lacks jurisdiction to review the Board's factual determinations.  Baker v. Office of Pers. Mgmt., 782 F.2d 993, 994 (Fed. Cir. 1986)

("[Petitioner] wants us to review the record to determine whether there was substantial evidence supporting the MSPB nondisability determination. That, of course, we have no jurisdiction to do."). As such, this court must dismiss the petition for lack of jurisdiction.