# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FREGENET B. CAMBRELEN,
    Appellant,

v.

OFFICE OF PERSONNEL
    MANAGEMENT,
        Agency.

DOCKET NUMBER
DE-844E-14-0016-I-1

DATE: January 16, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Fregenet B. Cambrelen, Aurora, Colorado, pro se.

Linnette Scott, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) final decision denying her disability retirement application under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only when:  the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant was a GS-8 Contact Representative for the Department of the Treasury, Internal Revenue Service. Initial Appeal File (IAF), Tab 1 at 1, Tab 6 at 97. She was employed by that agency from November 5, 2001, until her resignation on February 17, 2012. IAF, Tab 6 at 90-93. She filed an application for disability retirement, listing posttraumatic stress disorder (PTSD) as her disabling condition. *Id*. at 43. On August 29, 2013, OPM issued a final decision denying the appellant's application on the basis that the appellant failed to show that her condition was disabling. *Id*. at 7-9.

¶3 The appellant filed a Board appeal and requested a hearing. IAF, Tab 1 at 2. The appellant subsequently withdrew her hearing request, and the administrative judge issued an initial decision affirming OPM's final decision on the written record. IAF, Tab 15, Tab 24, Initial Decision (ID) at 2, 9. The administrative judge found that the appellant failed to prove that her PTSD was incompatible with useful and efficient service or retention in the position because she failed to show that she complied with recommended treatment that might have helped the condition to be controlled. ID at 8-9.

¶4 The appellant has filed a petition for review, arguing that the administrative judge was careless and abused her discretion in various ways throughout the course of the appeal. Petition for Review (PFR) File, Tab 1 at 4-7. The appellant argues that her resignation was involuntary, *id*. at 5-7, and she disputes the administrative judge's finding that she was noncompliant with treatment so as to preclude her disability retirement, *id*. at 6-7. OPM has filed a response to the appellant's petition for review, PFR File, Tab 3, and the appellant has filed a reply to OPM's response, PFR File, Tab 4.

The administrative judge did not commit harmful error by permitting the appellant to withdraw her hearing request.

¶5 On review, the appellant alleges that OPM's representative failed to appear for the scheduled telephonic hearing. PFR File, Tab 1 at 4. She also alleges that the administrative judge intended to reschedule the hearing even though the appellant and her five witnesses had already taken time off of work or otherwise rearranged their schedules to be in attendance as expected. *Id*. at 4-5. Rather than ask her witnesses to inconvenience themselves further, the appellant took the administrative judge's suggestion to withdraw her hearing request and have the witnesses submit written statements instead. *Id*. at 5; IAF, Tab 15. Despite this, only three of the five witnesses were able to submit their statements before the deadline. PFR File, Tab 1 at 5; IAF, Tabs 17, 19-20.

¶6 While the appellant's frustration with this procedural matter is understandable, we find that it provides no basis to disturb the initial decision. An administrative judge has broad authority to govern the proceedings before her. *Boutin v. U.S. Postal Service*, 115 M.S.P.R. 241, ¶ 8 (2010). Whether good cause exists to postpone a hearing is determined by the unique circumstances of each case and rests with the administrative judge's sound discretion. *Keay v. U.S. Postal Service*, 57 M.S.P.R. 331, 335 (1993). We find that the administrative judge did not abuse her discretion in postponing the hearing when the agency's representative was, at the last minute, unable to attend due to a "family

emergency." IAF, Tab 15 at 1. In addition, the appellant has not explained what further evidence she would have presented or how the outcome of the appeal might have changed if she had submitted statements from all five witnesses or if the matter had gone to a hearing. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights). In this regard, we note that the appellant did not request an extension of time to submit her remaining witness statements below, and she has not provided the statements for the Board on review or described what further information those statements would have contained.

The administrative judge's conduct in the proceedings below does not evidence bias or reflect a mistake of material fact.

¶7    The appellant raises various other complaints about the conduct of the proceedings below, including that the administrative judge repeatedly referred to her by the wrong name, referred to her as "he" rather than "she," and referred to the appellant's sister as her brother. PFR File, Tab 1 at 4-6. However, we find that these misstatements were not misstatements of material fact; they did not affect the outcome of the appeal. *See* 5 C.F.R. § 1201.115(a)(1) (for the Board to grant a petition for review, under 5 C.F.R. § 1201.115(a), the administrative judge's mistakes of fact must have been material to the outcome of the appeal).

¶8    The appellant also asserts that the administrative judge advised her at one point that five other cases were receiving priority over hers and that it took 40 days after that for the administrative judge to issue her initial decision. PFR File, Tab 1 at 2. The appellant, however, has not explained how the administrative judge's delay in issuing the decision prejudiced her substantive rights. *See Karapinka*, 6 M.S.P.R. at 127.

¶9    The appellant also asserts that the administrative judge spoke to her in a demeaning manner, including asking her the question, "I don't think you are faking it, are you?" PFR File, Tab 1 at 5. We do not find this question indicative

of bias against the appellant. To the contrary, it appears to indicate that the administrative judge believed that the appellant was suffering from PTSD as she claimed. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). We find that neither this question nor any of the other statements and actions described above were sufficient to establish bias on the part of the administrative judge.

The appellant has not established that she was "disabled" within the meaning of 5 U.S.C. § 8451(a)(1).

¶10    Under 5 C.F.R. § 1201.56(a)(2), an employee bears the burden of persuasion by a preponderance of the evidence in an appeal from OPM's decision on a voluntary disability retirement application. *Chavez v. Office of Personnel Management*, 6 M.S.P.R. 404, 417 (1981). To be eligible for a disability retirement annuity under FERS, an employee must show the following: (1) she completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she did not decline a reasonable offer of reassignment to a vacant position.

*Thorne v. Office of Personnel Management*, 105 M.S.P.R. 171, ¶ 5 (2007); *see* 5 U.S.C. § 8451(a); 5 C.F.R. § 844.103(a).

¶11      For purposes of FERS, an employee is considered "disabled" only if she is found to be unable, because of disease or injury, to render useful and efficient service in her position. 5 U.S.C. § 8451(a)(1)(B). As part of her burden to establish that she is disabled because of a medical condition, the employee must establish the extent to which her disability can or cannot be controlled. *Wilkey-Marzin v. Office of Personnel Management*, 82 M.S.P.R. 200, ¶ 15 (1999). If an employee is unable to render useful and efficient service because she fails or refuses to follow or accept normal treatment, her disability flows not from the disease or injury itself (as the statute requires) but from her voluntary failure or refusal to take the available corrective or ameliorative action. *Baker v. Office of Personnel Management*¸ 782 F.2d 993, 994 (Fed. Cir. 1986); *Shanoff v. Office of Personnel Management*, 103 M.S.P.R. 549, ¶ 9 (2006).

¶12      In this case, the administrative judge found that the appellant failed to produce any evidence that she complied with recommended treatment protocols that might permit her medical conditions to be controlled, i.e., further evaluation and routine follow-up care by a licensed mental health clinician and a full psychiatric evaluation for the appropriateness of medication to treat her mental health condition. ID at 8-9. We agree. The appellant submitted several pieces of medical documentation, IAF, Tab 6 at 19-25, 50-53, Tab 21 at 3-6, but only three of them refer to the appellant's PTSD: a January 7, 2012 Family and Medical Leave Act certification, IAF, Tab 6 at 50-53; a February 9, 2012 letter from a licensed professional counselor, *id.* at 23; and a February 15, 2012 letter from her primary care physician, *id.* at 21-22. The remaining medical documentation is not relevant to the issues in this appeal. *See Dunn v. Office of Personnel Management*, 60 M.S.P.R. 426, 433 (1994) (the Board will not consider medical evidence pertaining to conditions that were not the subject of the disability retirement application).

¶13     The Family and Medical Leave Act certification was prepared by the appellant's primary care physician, who indicated that the onset of the PTSD was approximately April 2011, that he had seen her several times for treatment, prescribed her medication, and referred her to a psychologist for weekly follow-up treatment. IAF, Tab 6 at 50-52. The letter from the licensed professional counselor confirms the PTSD diagnosis but recommends that the appellant seek treatment closer to her home because his office is "many miles across town from [the appellant's] living and working area." *Id*. at 23. He referred the appellant to therapists and psychiatrists closer to her home and recommended a "full psychiatric evaluation for the appropriateness of medication trials." *Id*. The subsequent letter from the appellant's primary care physician refers her to a psychiatrist, *id*. at 21, who apparently saw the appellant at least once and conducted a mental status examination, *id*. at 24-25.

¶14     We agree with the administrative judge that, despite these recommendations and referrals, there is no evidence to show that the appellant pursued the recommended course of treatment in any respect. The appellant's primary care physician noted that she declined antidepressant medication, and the appellant herself admitted as much. *Id*. at 12, 21. Although the appellant explains that she declined Wellbutrin because it made her ill and she has concerns about its safety, there is no evidence that the appellant sought advice from her psychiatrist about these matters or about the possibility of trying an alternative medication or treatment. *Id*. at 12; PFR File, Tab 1 at 6. Nor is there any evidence that the appellant engaged a psychologist or other therapist for recurrent psychotherapy sessions as recommended. The appellant asserted below that she had been treated for her PTSD "for over a year" by a licensed professional counselor, but the only evidence she provided of having seen this counselor at all was a May 7, 2008 note indicating the appellant's incapacitation from work for depression and advising that she would "continue treatment until symptoms have abated." IAF, Tab 6 at 12, 19. This does not constitute evidence that the appellant was receiving routine

psychotherapy for her claimed disabling condition at the time of her resignation nearly 4 years later. The appellant asserts on review that she followed all of the recommended treatments while she had the ability to do so and that she continued to receive treatment within her means once she lost her insurance. PFR File, Tab 1 at 6-7. This non-specific assertion lacks any documentary support and is insufficient to establish that the appellant pursued the recommended treatment for her PTSD symptoms. For these reasons, we agree with the administrative judge that the appellant has not established her entitlement to a disability retirement annuity. ID at 9.

The administrative judge made no material error in her application of the law.

¶15     The appellant argues that some of the cases that the administrative judge applied were irrelevant to her situation. PFR File, Tab 1 at 6. First, she argues that *Chavez*, 6 M.S.P.R. 404, applies only to voluntary disability retirement applications and that her resignation was involuntary. PFR File, Tab 1 at 5-7. However, we find that the proposition for which the administrative judge cited *Chavez*, i.e., that the appellant bears the burden of establishing her entitlement to a disability retirement annuity, nevertheless applies to this case. ID at 3. Specifically, notwithstanding the manner of her separation, the appellant has voluntarily sought disability retirement benefits by filing an application with OPM. *See* 5 C.F.R. § 1201.56(a)(2) (the appellant has the burden of proof in an appeal from a final OPM decision involving retirement benefits if the appellant filed the application). This is in contrast to situations in which an agency separates an employee from service and files a disability retirement application on her behalf. *See* 5 C.F.R. § 844.202.

¶16     As for *Cummins v. Office of Personnel Management*, 117 M.S.P.R. 261 (2012), we find that this case stands for the proposition for which the administrative judge cited it and is germane to the appeal for the reasons explained by the administrative judge, *see* ID at 9. The administrative judge's citation to *Karapinka*, 6 M.S.P.R. at 127, appears to be misplaced because that

case does not stand for the proposition contained in the ensuing parenthetical, *see* ID at 9. Nevertheless, this apparent citation error is immaterial to the outcome of the appeal because the proposition in the parenthetical is supported by other case law. *See Bernard v. Office of Personnel Management*, 37 M.S.P.R. 486, 491 (1988) (the administrative judge properly considered the appellant's failure to accept noninvasive therapeutic treatment in determining that the appellant had not established that he was disabled for useful and efficient service).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.