NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOANNA E. HARTY,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2020-2133

---

Petition for review of the Merit Systems Protection Board in No. NY-844E-20-0153-I-1.

---

Decided:  February 11, 2021

---

JOANNA E. HARTY, Ridge, NY, pro se.

DELISA SANCHEZ, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by JEFFREY B. CLARK, REGINALD THOMAS BLADES, JR., ROBERT EDWARD KIRSCHMAN, JR.

---

Before LOURIE, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

Ms. Joanna Harty appeals from a decision of the Merit Systems Protection Board (Board) upholding the Office of Personnel Management (OPM) decision denying her application for disability retirement benefits. Because Ms. Harty alleges only factual error in the Board's decision, for which we are without jurisdiction to review, we *dismiss* this appeal.

## BACKGROUND

Ms. Harty served as a mail clerk at the Internal Revenue Service (IRS) for a number of years before her removal on April 1, 2019. App'x at 2.[1] Ms. Harty alleges that during her performance of the duties of her job on August 22, 2018, she injured her back while lifting a heavy "bucket of work." *Id.* at 3. Following her removal, Ms. Harty sought disability retirement benefits from the IRS, submitting various doctors' notes as supporting evidence, including one from three days after the alleged injury occurred (August 25, 2018), and a report from an MRI taken on May 23, 2019. *Id.* at 2–3.

OPM denied Ms. Harty's claim for benefits on November 1, 2019. App'x at 20. OPM determined that Ms. Harty did "not meet the criteria for federal disability entitlement and [is] not disabled within the meaning of the retirement law." *Id.* In reaching this determination, OPM reasoned that "the medical evidence does not support [that Ms. Harty's] medical condition is incompatible with either useful or efficient service or retention in the position of record." *Id.* Ms. Harty sought reconsideration of this decision and OPM again denied Ms. Harty's claim. *See* App'x at 23.

---

[1]    Citations to App'x refer to the appendix submitted with the government's brief.

Ms. Harty appealed the OPM denial to the Board, which likewise concluded that she had not met her burden of demonstrating her entitlement to disability retirement benefits. App'x at 4. The Board credited Ms. Harty's testimony and evidence that she "remains in severe pain" after injuring her back "lift[ing] a heavy bucket of work." *Id.* at 4–5 (citing Ms. Harty's testimony). Nonetheless, the Board concluded the entirety of the record evidence "does not support a finding that her injury constituted a disability under the law . . . ." *Id.* at 5. The Board explained that the evidence before it, while demonstrating injury, did not demonstrate disability. *See id.* at 5–6. Moreover, the Board declined to credit the MRI, in part because the record "contains no medical evidence linking the MRI results to her claimed trauma." *Id.* at 6. Ms. Harty appeals this denial decision to our court.

## DISCUSSION

On appeal, Ms. Harty asks the court to reconsider her claim for disability retirement benefits, including both the decision that she did not meet the standard to show that her injury constituted disability under the law and the Board's refusal to credit her MRI. *See* Petitioner's Br. at 5–6.

This court's review of a claimant's entitlement to disability retirement benefits is very limited. We cannot review the factual underpinnings of a disability determination. *See Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 791 (1985) (citing 5 U.S.C. § 8347(c)). Under § 8347(c), factual "questions of disability and dependency" are "final and conclusive and are not subject to review." Whether substantial evidence supports the Board's disability determination is not a challenge within this court's jurisdiction. *Baker v. Off. of Pers. Mgmt.*, 782 F.2d 993, 994 (Fed. Cir. 1986). We have jurisdiction to determine only "whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or

some like error going to the heart of the administrative determination." *Lindahl*, 470 U.S. at 791 (citation and internal quotation marks omitted).

Ms. Harty asks this court to reconsider the evidence she presented to the Board and to overturn the Board's determination. This sort of re-weighing of evidence is precluded by § 8347(c), and thus, this court is without jurisdiction to review her fact-based challenge. *See id.* Likewise, we cannot review Ms. Harty's contention that the MRI evidence should be afforded more weight than the Board gave it. Such a determination falls squarely within the statute's mandate that OPM is to determine all "questions of disability and dependency." § 8347(c). The record leaves little doubt that Ms. Harty suffers from back pain, but we lack the authority to consider her challenge to OPM's and the Board's fact findings that the submitted evidence did not demonstrate that "her injury constituted a disability under the law." App'x at 5.

## CONCLUSION

Because Ms. Harty's appeal raises only issues that are beyond this court's jurisdiction, the case is dismissed.

## DISMISSED

## COSTS

No costs.